IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CARLTON BACY, JR., § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:20-cv-00274-K (BT) |
| § | |
| DIRECTOR, TDCJ-CID, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Carlton Bacy, Jr., a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY Bacy's petition.

**Background**

Bacy has two prior convictions in the State of Texas, which have relevance to his federal habeas petition attacking the denial of his claims for parole and mandatory supervision. First, in 1991, he was convicted by a jury of first-degree aggravated robbery with a deadly weapon and sentenced to 99 years' imprisonment. *See State of Texas v. Carlton Bacy, Jr.*, Case Number 0430090R. Second, in 1996, Bacy pleaded guilty to aggravated assault on a correctional officer with a deadly weapon in Anderson County,

1

Texas. *See State of Texas v. Carlton Bacy, Jr.*, Case Number 23294. He was sentenced to ten years' imprisonment, with his sentence to run consecutive to the sentence imposed in the first case.[1]

In December 2018, the Texas Board of Pardons and Paroles (Board) denied Bacy release on parole and mandatory supervision. Thereafter, he filed a state habeas application. On January 8, 2020, the Texas Court of Criminal Appeals (CCA) denied the application without written order. Bacy then filed his § 2254 petition, in which he generally claims:

(1) The Board violated his Due Process rights because it failed to use the Parole Guidelines Rules, Consecutive Rules, and Texas Law under the 70th Legislature requirement during his interview hearing; and

(2) The Board erred by denying him mandatory supervision because it failed to use Texas law and the proper calculation of good time and work time to determine release eligibility.

Respondent filed a response (ECF No. 11). Bacy did not file a reply, and the time for doing so has passed. His claims are fully-briefed and ripe for determination.

## Legal Standards

Bacy's federal habeas petition is governed by the heightened standard of review found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under 28 U.S.C. § 2254(d), a petitioner may not obtain federal

---

[1] Because Bacy challenges only the denial of his requests for release on parole and mandatory supervision, the Court will not further discuss the procedural history of his two prior state cases.

habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

The federal habeas court must presume that a state court's factual determinations are correct and can find those factual determinations unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018). A federal habeas court

3

"may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain,* 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen,* 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id.* at 314. The demanding standard under the AEDPA falls short of imposing a complete bar on federal court re-litigation of claims rejected in a state court proceeding. *Harrington v. Richter,* 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin,* 518 U.S. 651, 664 (1996)).

## Analysis

### I.

On January 8, 2020, the CCA denied Bacy's request for state habeas relief. (ECF No. 13-1.) And here, Bacy fails to demonstrate that the state court's decision was contrary to or an unreasonable application of clearly established federal law. *See* Pet. (ECF No. 3). Likewise, he has not shown that the state court unreasonably applied the facts presented in the habeas proceeding. Bacy has failed to make the requisite showing under the AEDPA, and for this reason alone, both of his claims should be denied.

### II.

In Bacy's first claim, he asserts that the Board's denial of his parole violated his Due Process rights when it did not follow its own guidelines and Texas law. Pet. 6 (ECF No. 3). As discussed below, this claim fails to state a

cognizable claim for habeas corpus relief because Bacy has no protected liberty interest in parole.

The United States Supreme Court has held that a state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See* [Board of Pardons v Allen, 482 U.S. 369, 378 & 378 n.10 (1987)](). Similarly, states have no duty to establish a parole system, and a prisoner therefore has no constitutional right to be released before the expiration of his sentence. [*Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7-8 (1979)](). In Texas, there is no constitutional right to release on parole. [*Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991)](); *see also* [*Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995)](). Moreover, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." [*Johnson v Rodriguez*, 110 F.3d 299, 308]() (5th Cir. 1997) (collecting cases). Finally, prisoners "cannot complain of the constitutionality of procedural devices attendant to parole decisions." [*Orellana v Kyle*, 65 F3d 29, 32 (5th Cir 1995)]().

There is no liberty interest in release on parole in Texas, so Bacy cannot sustain a constitutional claim based on the Board's decision to deny him parole or otherwise attack the procedural devices involved in the decision to deny him parole. *See* [*Creel*, 928 F.2d at 708-09](); *see also*

*Johnson*, 110 F.3d at 308 (allegations that a parole board considered unreliable or false information, without more, "do not assert a federal constitutional violation"). Moreover, in making its decision regarding parole eligibility, a Board exercises considerable discretion, as "the [Board] has the right to consider any evidence that existed at the time of sentencing." *Page v. U.S. Parole Comm'n*, 651 F.2d 1083, 1086 (5th Cir. 1981).

In sum, Bacy has no liberty interest in release on parole, and he cannot show his constitutional rights were violated. *See Johnson*, 110 F.3d at 308. ("The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest.") (citing *Olim v. Wakinekona*, 461 U.S. 238, 250–251 (1983)). Accordingly, Bacy's first claim should be denied.

### III.

Bacy argues in his second claim that the Board erred by denying him release to mandatory supervision because it failed to use Texas law and the proper calculation of good time and work time to determine release eligibility. Pet. 6 (ECF No. 3). As discussed below, this claim is meritless because Bacy has not accrued the requisite time credit for release on mandatory supervision.

"Eligibility for mandatory supervision is determined by the law in effect at the time of the offense for which the defendant is serving." *Jacobs v. Dir., TDCJ-CID*, 2022 WL 1277300, at *2 (E.D. Tex. Mar. 15, 2022),

*recomm. adopted*, 2022 WL 1272009 (E.D. Tex. Apr. 27, 2022); *see also Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005); *In re Byrd*, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005). Under Bacy's older offense, which involved a conviction for aggravated robbery with a deadly weapon and was committed on June 21, 1986, he was eligible for mandatory supervision prior to September 1, 1987. Specifically, Article 42.12 § 15(c) of the Texas Code of Criminal Procedure, before it was repealed, provided:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the [Parole] Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.

Tex. Code Crim. Proc. art. 42.12, § 15(c), *repealed* Sept. 1, 1985; *see also Wheat v. Quarterman*, 2006 WL 2088171, at *2 (N.D. Tex. July 27, 2006).

Bacy's more recent conviction, which involved an offense against a correctional officer, was committed on May 24, 1993. *See* Resp. Ex. A (ECF No. 11). When an offender has both a pre-1987 conviction and a post-1987 conviction, and the sentences have been ordered to run consecutively, as in Bacy's case, the sentences are treated as "one unit" for the purpose of determining parole and mandatory supervision eligibility and determining when the sentence discharges. *Ex parte Forward*, 258 S.W.3d 151, 155 (Tex. Crim. App. 2008); *see also Ex parte Rivers*, ___S.W.3d _____, 2022 WL 1565617, at *3 (Tex. Crim. App. May 18, 2022) (citing *Ex parte Forward*, 258 S.W.3d at 151). When any of those sentences are ineligible for

mandatory supervision, the length of those sentences is added to the release date for any mandatory-supervision eligible sentences. *Ex parte Forward*, 258 S.W.3d at 155.

Bacy's more recent conviction involved an offense against a correctional officer, and it is not eligible for mandatory supervision. His 10-year sentence (more recent sentence) must be added to the 99-year sentence (first sentence) for a total term of 109 years' imprisonment. *See Ex parte Forward*, 258 S.W.3d at 155. When added together, Bacy's flat time and good time credits do not equal the 109-year aggregate sentence.[2] *See* Resp. Ex. C (ECF No. 11); *see also Ex parte Rivers*, 2022 WL 1565617, at *1 n.1 (citing Tex. Code Crim. Proc. art. 42.18, § 8(c) (an inmate whose actual calendar time plus good conduct time equaled his sentence was *automatically* released on mandatory supervision and treated as if on parole). Therefore, Bacy's second claim is meritless and should be denied.

### Recommendation

For the foregoing reasons, the Court should DENY Bacy's § 2254 petition.

Signed June 16, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[2] The term "flat time" refers to the term of imprisonment that is to be served by a prisoner without the benefit of credit such as good time credit. *Carlisle v. Normand*, 2019 WL 3718053, at *6 n.48 (E.D. La. Aug. 7, 2019)

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).